1 **FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
2 3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
3 Telephone: (213) 384-6964
Facsimile: (213) 383-7368
4 E-Mail: maimons@aol.com

5

6 Attorneys for Plaintiffs
GHANSHYAM POKAL,
7 GEETA POKAL

8

9

10 **UNITED STATES DISTRICT**

11 **CENTRAL DISTRICT OF CALIFORNIA**

12

13 GHANSHYAM POKAL, et al.,      | **Case No.: CV-22-02276-DOC-ADS**

14                              Hon. Judge David O. Carter

15            Plaintiffs,        **RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL;**
16 v                            **DECLARATION OF FRANK A. WEISER; MEMORANDUM OF**
17 HARDIK A. PATEL, et al.,      **POINTS AND AUTHORITIES IN SUPPORT THEREOF**
18
           Defendants.
19                              **DATE: (submitted)**
20                              **TIME: (submitted)**
                                **CTRM: 10A**
21

22

23

24

25

26

27

28

**DECLARATION OF FRANK A. WEISER**

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the for Plaintiffs GHANSHYAM POKALand GEETA POKAL ("Plaintiffs") and I make this declaration in support of the Plaintiffs response to the Court's Order to Show Cause re: Dismissal for Lack of Prosecution ("OSC") regarding the entry of a default against the Defendants HARDIK A. PATEL, TARKIK A. PATEL, ALBERTA LIMITED, and J and G URETAHANES. ("Defendants"). (Civil Docket No. 24)

2. I have had medical problems and family medical issues that has caused a serious backlog in my heavy trial and appellate calendar.

3. Because of the backlog in my work, I have had to file a motion requesting leave to file a late opening brief in the Ninth Circuit Court of Appeals in a civil rights case entitled <u>Jaymin Vaghashia, et al. v City of Los Angeles</u>, Ninth Circuit Docket No. 22-56064, and that the Ninth Circuit granted on March 23, 2023 (Ninth Circuit Docket No. 15); and a motion for an extension of time to file a petition for rehearing and petition for rehearing en banc ("Motion") in a civil rights case entitled <u>Akshar Global Investments Corp., et al. v City of Los Angeles</u>, Ninth Circuit Docket No. 22-55394, and that the Ninth Circuit granted on April 12, 2023 (Ninth Circuit Docket No. 33).

4. Attached hereto as Exhibit "1" is a filed copy of the motion in the <u>Akshar Global Investments</u> case that explains in detail the family medical issues that has caused my backlog.

5. Quite frankly, I can tell the Court that I am overwhelmed at present and as a result I am late in the <u>Akshar Global Investments</u> case and I have not filed the petition in the case and I am going to be requesting an additional extension of time.

6. I am a sole practitioner, and as a result of my backlog I inadvertently

1  did serve the Defendants in this case, but as I understand it service was attempted on

2  TARKIK A. PATEL in Texas.

3          7. I understand that Defendants HARDIK A. PATEL,

4  ALBERTA LIMITED, and J and G URETAHANES are in Canada and

5  TARKIK A. PATEL resides in Texas.

6          8.  As I understand it, the process server was able to serve the parents of

7  HARDIK A. PATEL and TARKIK A. PATEL in Texas and defaults have been entered

8  against the parents, but was not able to serve TARKIK A. PATEL.

9          9.  I inadvertently did not serve HARDIK A. PATEL, ALBERTA

10  LIMITED, and J and G URETAHANES and I have requested my process

11  server to serve them in Canada, and to attempt service again on TARKIK A.

12  PATEL

13          10. My backlog was also impacted by the fact that I was engaged in

14  a three day administrative trial before the Office of Administrative Hearings

15  on April 17-20, 2023, in addition to working on other trial and appellate

16  matters, and as my motion to the Ninth Circuit indicates I was closed on April

17  6, 7, 12, and 13th, 2023 in observance of the Passover holiday.

18          11.  I believe that I have done good work in this district and in the Ninth

19  Circuit and I have multiple published work in the Ninth Circuit primarily in representing

20  Asian-Indian motel owners in California.

21          12.  Some of my published cases in the Ninth Circuit are City of

22  Angeles v Patel, 576 U.S. 409 (2015), a federal civil rights case in which I was lead

23  counsel and in which the United States Supreme Court affirmed in a 5-4 decision the

24  Ninth Circuit's en banc decision in Patel v City of Los Angeles, 738 F.3d 1058 (9th Cir.

25  2013) (en banc) ,facially invalidating on Fourth Amendment grounds a motel search

26  ordinance that authorized the LAPD to search motel registers on demand without

27

28

1   consent or a warrant; <u>Herrera v City of Palmdale</u>, 918 F.3d 1037 (9th Cir. 2019) (Ninth

2   Circuit reversing judgment on Fourth Amendment claim as an exception to the <u>Younger</u>

3   abstention doctrine); <u>Patel v City of Montclair</u>, 798 F.3d 895 (9th Cir. 2015) (Ninth

4   Circuit affirming judgment that common public areas of a motel such as the parking lot

5   are not protected under the Fourth Amendment under the recently revived common law

6   trespassory test but affirming that the locked areas are protected under the privacy test);

7   <u>Patel v City San Bernardino</u>, 310 F.3d 1134 (9th Cir. 2002) (Ninth Circuit reversing a

8   dismissal of a federal civil rights case under the Tax Injunction Act on behalf of a group

9   of motel owners); <u>Patel v Penman</u>, 103 F.3d 868 (9th Cir. 1996) (reversal of jury verdict

10  on a federal civil rights case); and more recently <u>Hotop v City of San Jose</u>, 982 F.3d

11  710 (9th Cir. 2020) and Killgore v City of South El Monte, 3 F.3d 1186 (9th Cir. 2021).

12          13.     The fault in not serving the defendants earlier is my fault and not the

13  Plaintiffs fault.

14          14.     If the Court is inclined to impose a sanction for not doing so, I would

15  respectfully request that the sanction be imposed on me and that the Plaintiffs not suffer

16  with a dismissal of the case.

17          15.     Thus, I respectfully request that the Court discharge the OSC

18  application and permit the Plaintiffs an extension to file proofs of service

19  until June 6, 2023, or whatever time the Court deems reasonable.

20          I declare under penalty of perjury under the laws of the State of

21  California that the foregoing is true and correct.

22          Executed this 15th day of  May, 2023 at Los Angeles, California.

23

24

25                          _____

26                          FRANK A. WEISER

27

28

4

# I.

## MEMORANDUM OF POINTS AND AUTHORITIES

A. **GOOD CAUSE OR EXCUSABLE NEGLECT EXISTS TO DISCHARGE THE OSC AND GRANT THE REQUEST FOR AN EXTENSION OF TIME**

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court has the power to extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect.

This rule, like all the Federal Rules of Civil Procedure "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." Rodgers v Watt, 722 F.2d 1257, 1263 (9th Cir. 1983). See also Federal Rule of Civil Procedure 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing out of circuit cases for the same proposition and holding that attorney's request for additional time to file an opposition to a motion for summary judgment based on his heavy trial calendar constituted "good cause" for the extension request).

"Excusable Neglect" under Rule 6(b)(1)(B) is also broadly and liberally applied by the Ninth Circuit.

To determine whether a party's failure to meet a deadline constitutes "excusable neglect", a district court must engage in a four-factor equitable test, which Includes analyzing: (1) the danger of prejudice to the opposing party; (2) the length of

1   the delay and its potential impact on the proceedings; (3) the reason for the delay; and

2   (4) whether the movant acted in good faith. <u>Pioneer Inv. Servs. Co. v Brunswick Assocs.</u>

3   <u>Ltd. Partnership</u>, 507 U.S. 380, 395 (1993); <u>Briones v Riviera Hotel & Casino</u>, 116 F.3d

4   379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); <u>Bateman v U.S. Postal</u>

5   <u>Serv.</u>, 231 F.3d 1220, 1223-1224 (9th Cir. 2000); <u>Pincay v Andrews</u>, 389 F.3d 853, 860

6   (9th Cir. 2004) (en banc) (clarifying that in application of the test a district may not apply

7   per se rules).

8          In <u>Bateman</u>, Bateman's counsel had left the country before filing an opposition

9   to a motion for summary judgment, and the deadline passed while he was traveling

10   abroad. Id., at 1223. Bateman's counsel also failed to file any motions for extensions

11   of time, and failed to contact the district court for sixteen days after he returned because

12   of "jet lag and the time it took to sort the mail." Id., at 1223.

13          Bateman moved to set aside the summary judgment pursuant to Rule 60(b).

14   Id., at 1223. The district court denied the motion after only considering the facts

15   concerning the reasons for the delay. Id., at 1224. The Ninth Circuit reversed and

16   remanded the case to the district court with instructions to grant the motion "because

17   the equities in this case weigh in favor of Bateman . . ." Id., at 1225.

18          In doing so, the Ninth Circuit emphasized <u>Pioneer</u>'s "statement that "excusable

19   neglect includes cases of negligence . . ." Id., at 1224. In reversing, the Ninth Circuit

20   held that although Bateman's reasons for the delay was weak, "[t]he length of delay,

21   and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

22          The Ninth Circuit rejected that a two week delay in responding to the motion

23   was sufficient to justify denial of relief. Id., at 1225. (citing out of circuit authority

24   that "the mere possibility of prejudice from delay, which is inherent in every case, is

25   insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

26          As demonstrated by <u>Bateman</u>, prejudice is not presumed, and the reasons here

27   for the request, unlike <u>Bateman</u>, are especially strong.

28          In <u>Pincay</u>, the defendants who had filed their notice of appeal 24 days late,

1  argued that the late filing was a result of a calendaring error caused by the attorneys and

2  Paralegals misapplying a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit

3  rejected the plaintiffs' argument that the district court had abused its discretion in ruling

4  for the defendants. The Ninth Circuit concluded that even though the calendaring error

5  was not a "compelling excuse," because of the nature of the <u>Pioneer/Briones</u> balancing

6  test any "rigid legal rule against late filings attributable to any particular type of

7  negligence." Id., at 860.

8       In this case, the <u>Pioneer/Briones</u> factors weigh heavily that excusable neglect

9  exists. As argued earlier, (1) there is no danger of prejudice to the defendants; (2) the

10  length of the delay is minimal and there is no potential impact on the proceedings in

11  general; (3) the reason for the delay under the circumstances of the Plaintiffs' counsel's

12  family medical issues and backlog, his counsel is acting in good faith.

13       Given the liberal "good cause" and "excusable neglect" standard, there is ample

14  reason to grant this request under the Ninth Circuit's standard.

15  **II.**

16  **<u>CONCLUSION</u>**

17       For all foregoing reasons, the Plaintiffs respectfully requests that the Court

18  discharge the OSC and grant the request for an extension of time to serve the remaining

19  defendants.

20

21

22  DATED: May 15, 2023                    Respectfully submitted,

23                                          LAW OFFICES OF FRANK WEISER

24

25                                          /s/ Frank A. Weiser
                                           By: _____
26                                          Frank Weiser, Attorney for
                                           Plaintiffs GHANSHYAM
27                                          POKAL, GEETA POKAL

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "1"**

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| AKSHAR GLOBAL INVESTMENTS CORP, et al. | ) ) ) | Case No. 22-55394 |
| Plaintiff-Appellant | ) ) ) | DC CV-18-04541-MWF-PVC |
| | ) ) | Central District of California |
| vs. | ) ) ) | |
| CITY OF LOS ANGELES, a municipal corporation, | ) ) ) ) | |
| Defendant-Appellee.. | ) ) ) | |
| _____ | ) | |

**APPELLANT'S MOTION FOR AN EXTENSION
OF TIME TO FILE PETITION FOR REHEARING
AND PETITION FOR REHEARING EN BANC**

APPEAL FROM THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HON. MICHAEL W. FITZGERALD, Presiding

FRANK A. WEISER
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, CA 90010
(voice) - (213) 384-6964
(fax) - (213) 383-7368
(e-mail) - maimons@aol.com
Attorney for Plaintiff-Appellant
AMITKUMAR SHAH

## DECLARATION OF FRANK A. WEISER

I, FRANK A. WEISER, do hereby declare:

1. I am the attorney for the Plaintiff and Appellant AMITKUMAR SHAH ("Appellant") and I make this declaration in support of Appellant' smotion for and extension of time to file a petition for rehearing and petition for rehearing en banc ("Petition") from the panel's memorandum decision filed on April 4, 2023.

2. I have had family medical issues primarily with my wife who was hospitalized twice, on September 4, 2021 and September 11, 2021, and recently, the passing of my wife's sister and my wife's severe reaction by my wife to the Covid 19 booster shot, and a serious car accident that I sustained last year, and more recently with my sister-in-law being diagnosed with uterine serous carcinoma that has caused a serious backlog in my heavy trial and appellate calendar.

3. On September 4, 2021, my wife Susan Weiser was admitted to Cedars-Sinai Medical enter on an emergency basis because of an arythmia of the heart and weakness which appears to be the result of pneumonia from a severe lung infection or inflammation.

4. My wife was released from Cedars-Sinai on the evening of September 9, 2021 but had to be readmitted to Cedars-Sinai again on an emergency basis on September 11, 2021 after she fainted at our home on such date.

5. She also underwent a removal of fluid at Cedars from her left lung multiple times and on September 17, 2021 underwent exploratory laproscopic surgery of the lung and to renove a cyst that was found in an x-ray and to take a biopsy.

6. My wife was released on September 23, 2021, and is presently at home.

7. Because of my wife's hospitalization, I have also had to make multiple requests from various courts for extensions of time to either file briefs or other relief.

8. . On September 26, 2021, I sought a <u>second</u> ex-parte application of time to file reply brief in support of a Rule 50 and 59 post-trial motions from the Honorable John W. Holcomb in the case of <u>Efficient Task Limited v Pacific Bridge Global, Inc.</u>, USDC Case No. CV18-01999-JWH-DFM. (Civil Docket No. 84).

9. The unopposed application before Judge Holcomb was based on my wife's hospitalization, and was graciously granted. (Civil Docket No. 85). A copy of Judge Holcomb's Order is attached hereto as Exhibit "A".

10. On October 4, 2021, I filed an ex-parte application once agaon before Judge Holcomb to enlarge time to file a motion for entry of default judgment in a case entitled <u>Phillip Elghanian v City</u> of Victorville, et al., USDC Case No. CV21-00382-JWH-DFM, once again on the basis of my wife's recent hospitalization, and Judge Holcomb granted the application and discharged his Order to Show Cause re: Dismissal finding **"good cause"** (Civil Docket Nos. 37, 39, 43). A copy of Judge Holcomb's order in the <u>Elghanian</u> case is attached hereto as Exhibit "B".

11. On October 1, 2021, the Ninth Circuit granted my unopposed motion for leave to file the opening brief in the case of <u>Sanjay Patel, et al. v City of South El Monte</u>, Ninth Circuit Case No. 21-55546 (Docket No. 10) and on October 6, 2021, the Ninth Circuit granted my unopposed motion for leave to file the opening brief in the case of <u>Apartment Association of Greater Los Angeles v City of Los Angeles</u>, Ninth Circuit Case No. 21-55623.

12. On October 7, 2021, the Honorable Frances Rothchild, Presiding Justice in the California Court of Appeals for the Second Appellate District, Division One, granted my unopposed motion for an extension of time to file an opening brief in the case of <u>City of Los Angeles v Amrathbhai Patel</u>, Appeal Case No. B306094; and on October 18, 2021, Justice Rothchild found **good cause** to reinstate the appeal previously dismissed on October 1, 2021, in the case of <u>Manuel Chavez v Balubhai Patel</u>, Appeal Case No. B307891. A copy of Justice Rothchild's orders of October 7, 2021 and October 18, 2021 are attached hereto as Exhibit "C".

13. In each case, I explained about my wife's recent hospitalization and my backlog in making the requests.

14 My wife's hospitalization was very serious. She was treated at Cedars and now as an out patient by the following physicians, Dr. Ash Naraghi located 9001 Wilshire Blvd., Suite 200, Beverly Hills, CA, (310) 691-1138 (pulmonary doctor); Dr. Arash Taghavi located at 2080 Century Park E, unit 405, Los Angeles, CA 90067, (310) 858-6500 (cardiologist); Dr. Amirhossein Mahfoozi .and his associate located at 8631 W. Third St., Suite 240 E, Los Angeles, CA, (800) 233-2771 (thoracic surgeon). She has also suffered from stomach issues after her return from Cedars which her gastroenterologist, Dr. Jeffrey Sherman, has surmised may be a result of the medications and antibiotics she took at Cedars. As a result, she underwent tests at Cedars on an out patient basis upon Dr. Sherman's request. Dr. Sherman is located at 8631 W. 3rd St., #540, Los Angeles, CA 90048.

15. Subsequently and tragically, my wife's sister, Esther Koenig, passed away on or about November 16, 2021 in Brooklyn, N.Y. Her passing is posted by the Boro Park 24 news on the internet as is her funeral by the Shomrei Hadas Chapel website.

16. On or about December 15, 2021, my wife took her Covid 19 booster.

17. Several days after taking the booster, she began to have an adverse reaction to the shot.

18. On or about December 22, 2021, at approximately 6:30 p.m., my wife became very weak and her pulse rate went up to 170, requiring the local Hatzolah and the Fire Department paramedics to come to our house.

19. Subsequently, my wife was tested and treated and seen on December 23, 2021 and December 30, 2021 by her cardiologist, Dr. Arash Taghavi located at 2080 Century Park E, unit 405, Los Angeles, CA 90067, (310) 858-6500 for an irregular arythmia and the tests also indicated inflammation and elevated liver enzymes..

20. Her condition is still ongoing and on March 10, 2022, I took her for a consultation to another cardiologist, Dr. Olga Voroshilovsky located ar 8635 W. 3rd St., #750-W, Los angeles, CA 90048, (310) 659-8700.

21. Further, on Monday, January 24, 2022, at approximately 6:30 p.m., I had a serious car acciident in El Monte, CA.

22.    I was driving back from a deposition that day from Thousand Palms, CA and going to see one of my other clients in El Monte, when I made a left turn on Garvey Avenue a few blocks from my client's motel named Le Blanc Inn & Suites located at 11652 E. Garvey Avenue, El Monte, CA 91732.

23.    I lost control of my car lost control as I was making the left turn which went onto the cement elevated divider between opposing traffic.

24.    Attached hereto as Exhibit "D" is a copy of a picture of the front of my car that shows some of the damage it sustained.

25. .  My wife's condition is still ongoing and on March 10, 2022, I took her for a consultation to another cardiologist, Dr. Olga Voroshilovsky located ar 8635 W. 3rd St., #750- Los angeles, CA 90048.

26.    Further, on the evening of July 8, 2022, I became very dizzy and almost passed out in my home.

27.    Afterwards, on July 12, 2022, I was seen by the cardiologist who has seen my wife related to her recent medical issues with an irregular arythmia, Dr. Olga Voroshilovsky.

28.    On July 12, 2022, the Court of Appeal for the Fourth Appellate  District, Division Three, granted my motion to vacate the dismissal of an appeal in the case of City of Costa Mesa v Enclave Assets, LLC, et al., Case No. G061200, based on my declaration similar to this one as to my wife's  medical issues and the car accident. .

29.  On August 10, 2022 at approximately 8:00 a.m., I had another car accident while driving on the 10 Freeway at Ontario on my way to a court hearing in San Bernardino Superior Court when another car's mirror hit my mirror.

30.  On August 16, 2022, the Second Appellate District, Division One, granted my motion for a final extension of time to file an opening brief in the case of <u>City of Long Beach v Patel</u>, Case No. B310344.

31.  My sister-in-law, Florence Koenig was diagmosed with serous uterine carconoma and underwent major surgery late last year at Columbia University Medical Center and this has taken a real toll on me and my family.

32.  I am a sole practitioner, and I truly have and am still contending with family and medical issues that as a result of the above has caused an extreme backlog in my heavy trial and appellate calendar.

33.  Further, I was closed this past April 6 and 7, 2023 in observance of the first two days of Passover and I will be closed on April 12 amd 13, 2023 in observance of the last two days of the holiday.

34.  I am also preparing for a complex criminal preliminary hearing set for April 21, 2023 and a presently scheduled three day administrative hearing set for April 17, 2023.

35.  As a result, I respectfully request an extension of three weeks from the due date of April 20, 2023 untiul May 11, 2023 to file the petition.

36.  I have practiced extensively in the Ninth Circuit for approximately thirty years primarily specializing in civil rights cases on behalf of Asian-Indian motel owners and operators.

37.  I believe that I have done good work, including in the Ninth Circuit.

7

38..   Some of my published cases are <u>City of Los Angeles v Patel</u>,  576 U.S. 409 (2015) (affirming

in a 5-4 decision the Ninth Circuit's en banc decision facially invalidating on  Fourth Amendment grounds

a motel search ordinance that authorized law enforcement to  search motel registers on demand without

consent or a warrant) (<u>Patel v City of Los  Angeles</u>, 738 F.3d 1058) (9th Cir. 2013) (en banc) ; <u>Herrera</u>

<u>v City of Palmdale,</u>,918 F. 3d  1037  (9th Cir. 2019) ; <u>Patel v City of Montclair</u>, 798 F.3d 895 (9th Cir.

2015); <u>Patel v City  of San Bernardino</u>, 310 F.3d 1134 (9th Cir. 2002);  <u>Patel v Penman</u>,  103 F.3d 868

(9th Cir. 1996); and  more recently  <u>Hotop v City of San Jose</u>, 982 F.3d 710 (9th Cir. 2020); and multiple

California court of appeal opinions, including  <u>City of San Bernardino Hotel/Motel Association v City of</u>

<u>San Bernardino</u>,  9 Cal.App.4th 237  (1997)

39..   Thus, I respectfully request that the Court grant this motion for leave to file the AOB.

I declare under penalty of perjury under the laws of the State of California

that the foregoing is true and correct.

Executed this 10th day of April 2023 at Los Angeles, California.


FRANK A. WEISER

8

EXHIBIT "A"

1

2

3

4

5

6

7

8

9

10                       **UNITED STATES DISTRICT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

| 13   EFFICIENT TASK LIMITED, | **Case No.: SACV-18-01999-JWH-DFMx** |
|---|---|
| 14          Plaintiff | Hon. Judge John W. Holcomb |
| 15 | Courtroom 2 |
| 16   v. | **ORDER** |
| 17   PACIFIC BRIDGE GLOBAL, INC., | |
| 18          Defendant. | |

19

20

21

22

23

24

25

26

27

28

GOOD CAUSE appearing, the ex-parte application filed by the Defendant PACIFIC BRIDGE GLOBAL., INC. for an extension of time to file a reply to the opposition filed by the Plaintiff EFFICIENT TASK LIMITED to the Rule 50 and 59 motion is **GRANTED**.

The Defendant shall have until October 4, 2021, to file a reply.

**IT IS SO ORDERED.**

DATE: September 27, 2021

THE HONORABLE JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE

EXHIBIT "B"

# UNITED STATES DISTRICT

## CENTRAL DISTRICT OF CALIFORNIA

PHILIP ELGHANIAN, et al.,

Plaintiffs,

v

CITY OF VICTORVILLE, et al.,

Defendant.

Case No.: **EDCV-21-00382-JWH-KKx**

Hon. Judge John W. Holcomb
Courtroom 2

**ORDER**

1    GOOD CAUSE appearing, the ex-parte application filed by the Plaintiffs
2  PHILIP EGHANIAN, WASHINGTON FUND V, LLC, GT HOTELS, INC.
3  ("Plaintiffs") for an extension of time to file a motion for default judgement against
4  the remaining defendants SAMUEL TORRES, TATIANA MACIAS, and MARIA
5  MSACIAS is **GRANTED**.

6         Plaintiffs, shall have until October 18, 2021, to file the motion for default
7  judgment

8         **IT IS SO ORDERED.**

9

10  DATE: October 7, 2021

11                                            JOHN W. HOLCOMB
                                              UNITED STATES DISTRICT JUDGE.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "C"

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION 1

COURT OF APPEAL of SECOND DIST.

FILED

Oct 07, 2021

DANIEL R. POTTER, Clerk

JL_____ Deputy Clerk

CITY OF LOS ANGELES,
Plaintiff and Respondent,

v.

AMRATBHAI G. PATEL,
Defendant and Appellant.

B306094
Los Angeles County Super. Ct. No. 19STCV08175.

THE COURT

Appellant's motion for an extension of time to file opening brief is granted.
Appellant's Opening Brief is now due on or before November 4, 2021.

Acting Presiding Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT

DIVISION 1

MANUEL CHAVEZ
Plaintiff and Respondent,

v.

BALUBHAI PATEL, et al.,
Defendants and Appellants

COURT OF APPEAL – SECOND DIST.

# FILED

Oct 18, 2021

DANIEL P. POTTER, Clerk

JL OZANG_____ Deputy Clerk

B313891
Los Angeles County Super. Ct. No. 20STCV02611

THE COURT:

Good cause appearing, appellant's motion to reinstate appeal is granted. The order of dismissal filed October 1, 2021, is vacated and the appeal filed September 10, 2020, is reinstated.

Appellant's opening brief is due on or before October 19, 2021. Failure to file by this date will result in dismissal.

_Rothschild_

Presiding Justice

EXHIBIT "D"

