1  Joshua M. Wolff (Bar No. 134426)
   WOLFF MASCARO LLP
2  9160 Irvine Center Dr., Suite 200
   Irvine, California 92618-4683
3  T: (949) 769-3600 | F: (949) 769-3601
   jwolff@wolffmascaro.com
4
   Attorneys for Specially Appearing
5  Defendants Ashwin Kumar Patel,
   Meenaben A. Patel, and Hardik A. Patel
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  GHANSHYAM POKAL; GEETA            Case No. 8:22-cv-02276-DOC-ADS
    POKAL,
12
              Plaintiffs,            **REPLY IN SUPPORT OF MOTION
13                                   TO VACATE DEFAULTS AND
         v.                          DISMISS FOR LACK OF
14                                   JURISDICTION**
    HARDIK A. PATEL; ASHWIN
15  KUMAR PATEL; MEENABEN A.         Date   :  July 18, 0223
    PATEL; TARKIK A. PATEl;          Time   :  7:30 a.m.
16  ALBERTA LIMITED; J&G             Ctrm   :  10A
    URETHANES; and DOES 1-10,
17  inclusive

18            Defendants.

19

20  **I.      INTRODUCTION**

21          Plaintiffs do not dispute that Defendants Hardik Patel, Ashwin Patel, and

22  Meenaben Patel ("the Patels") have no connections with California—they do not

23  reside in California, do not own property in California, and do not do any business

24  in California. In fact, Plaintiffs confirm that their alleged investment that gave rise

25  to the Complaint was in a Canadian foam insulation business purchased in Canada

26  by way of a Canadian broker, that the profit and loss statement Plaintiffs allegedly

27  relied on in making the alleged investment was in Canadian dollars, and that

28  Plaintiffs wired the alleged investment to a bank account in Canada.

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

-1-

Reply in Support of Motion to Vacate Defaults
and Dismiss for Lack of Jurisdiction

1    Plaintiffs' cursory Opposition maintains that personal jurisdiction over the

2    Patels exists because Plaintiffs agreed to make the investment while Plaintiffs were

3    residing in California. But this argument misapprehends the long-established rule

4    that merely contracting with a resident is *not* enough to establish personal

5    jurisdiction over a nonresident. And it ignores the caselaw cited and discussed in

6    the Patels' Motions holding that, to establish personal jurisdiction over a

7    nonresident based on a contract, the contract must be about *conducting ongoing*

8    *business in* California—a fact that Plaintiffs concede does not exist here.

9    As for Plaintiffs' waiver argument, it is based on the generality that the right

10   to assert personal jurisdiction *may* be waived in certain circumstances but ignores

11   the fact that no such circumstances exist here. The Patels have properly moved in

12   their first filing in this Court and in compliance with Federal Rule of Civil

13   Procedure 12(b)(2) to dismiss the Complaint against them for lack of personal

14   jurisdiction. That they also move to set aside the defaults entered against them

15   pursuant to Federal Rule of Civil Procedure 55(c) does not waive their right to

16   assert a lack of personal jurisdiction; to the contrary, it complies with Federal Rules

17   of Civil Procedure 12(b) and 12(g), which expressly allow a 12(b)(2) motion to be

18   combined with another procedural motion under the Rules.

19   **II.    THE PATELS HAVE NOT WAIVED THEIR RIGHT TO ASSERT A**

20          **LACK OF PERSONAL JURISDICTION**

21   Plaintiffs' Opposition consists of citations to authority for the general

22   proposition that the right to assert a lack of personal jurisdiction *may* be waived in

23   certain circumstances[1] but fails to offer any authority for the proposition that this

24

25   [1] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.
     694 (1982), holds that the right to assert a lack of personal jurisdiction may
26   be waived by appearance; express, implicit, or constructive consent;
     agreement; or stipulation. *Id.* at 703-704. *Peterson v. Highland Music, Inc.*, 140
27   F.3d 1313 (9th Cir. 1982) (repeatedly mis-cited by Plaintiffs as appearing at
     149 F.3d 1313) holds that, "[i]n the absence of other factors militating in
28   favor of a finding of waiver, [raising the issue of personal jurisdiction in a

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

-2-

Reply in Support of Motion to Vacate Defaults
and Dismiss for Lack of Jurisdiction

1  right is waived in the circumstances Plaintiffs point to here—where defaults were

2  entered against the Patels before they filed their Motions and the Patels have

3  simultaneously moved to set aside those defaults and to dismiss for lack of personal

4  jurisdiction.

5      Plaintiffs' assertion runs directly contrary to Rule 12(b), which provides that

6  a motion pursuant to it is timely if it is "made before pleading if a further pleading

7  is permitted." (Emphasis added.) This is precisely what the Patels have done. They

8  haven't answered the Complaint. Their Motions to dismiss for lack of personal

9  jurisdiction are their very first filings in this Court. Under Rule 12(b), it simply

10  doesn't matter that defaults have been entered against them (and Plaintiffs do not

11  dispute the reasons those defaults should be set aside).

12      Rule 12(h)(1), on which Plaintiffs rely, creates a waiver of the right to assert

13  a lack of personal jurisdiction in only two, specific circumstances, neither of which

14  applies to either of the circumstances Plaintiffs point to here: "(A) if [the personal

15  jurisdiction argument is] omitted from a motion in the circumstances described in

16  subdivision (g)" or "(B) if it is neither made by motion under this rule nor included

17  in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be

18  made as a matter of course."

19      As to subdivision (B), the Patels *have* made a "motion under this rule"—Rule

20  12(b)(2). As to subdivision (A), the Patels' Rule 12(b)(2) argument is very much

21  *not* "omitted from a motion in the circumstances described in subdivision (g)."

22  Subdivision (g) expressly *allows* a party to join a Rule 12(b)(2) motion (or another

23  Rule 12 motion) with any other motion under the Rules—which, of course, includes

24  a Rule 55(c) motion to set aside entry of default. And if subdivision (g) weren't

25  clear enough, subdivision (b) provides that "[n]o defense or objection is waived by

26

27

28  timely motion to dismiss] suffices to preserve the issue of personal jurisdiction for appeal." *Id.* at 1319.

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

-3-

Reply in Support of Motion to Vacate Defaults
and Dismiss for Lack of Jurisdiction

1  being joined with one or more other defenses or objections in a responsive pleading
2  or motion."

3      Plaintiffs are therefore simply wrong on both fronts. That the Patels followed
4  Rule 12's clear guidance hardly constitutes, as Plaintiffs put it, "submitting itself
5  [sic] to the jurisdiction of the court ...." (Opp., p. 3:10-12)

## III.    PLAINTIFFS' CALIFORNIA RESIDENCE DOES NOT CONFER PERSONAL JURISDICTION OVER THE PATELS

8      Plaintiffs base their personal jurisdiction argument on the sole fact that they
9  resided in California at the time they agreed to wire funds to Canada to invest in the
10 Canadian business of Hardik, a Canadian resident. "[C]ontract negotiations,"
11 standing alone, Plaintiffs assert, "are classic examples that permit the exercise of
12 such jurisdiction." (Opp., p. 3:25-26) Plaintiffs are wrong.

13     As the Ninth Circuit observed in *Corporate Invest. Bus. Brokers v. Melcher*,
14 824 F.2d 786 (9th Cir. 1987), the United States Supreme Court, in the seminal
15 *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985), part of every first-year law
16 student's curriculum,

> refused to find that personal jurisdiction could be based solely on the existence of a contract between a defendant and a resident of the forum state. [Citation.] It insisted that past and future consequences of the contractual arrangement involving a resident of the forum state be evaluated.

21 *Corporate Invest.*, 824 F.2d at 789. See also *Walden v. Fiore*, 571 U.S. 277, 286
22 (2014) ("If the question is whether an individual's contract with an out-of-state
23 party alone can automatically establish sufficient minimum contacts in the other
24 party's home forum, ... the answer clearly is that it cannot." (Emphasis omitted)).

25     *Corporate Investment*, in turn, was cited by the case on which Plaintiffs rely,
26 *Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir. 1982).[2] In *Peterson*, the
27 agreements that created the necessary California contacts to establish personal

---

[2] Plaintiffs consistently mis-cite *Peterson* as appearing at 14*9* F.3d 1313.

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

-4-

Reply in Support of Motion to Vacate Defaults
and Dismiss for Lack of Jurisdiction

1   jurisdiction over the defendant were between the defendants *and California entities*.

2   *Id.* at 1320 (contracts with Warner Special Projects "of ... Burbank, California" and

3   Rhino Records in "Santa Monica, California").

> These documents give rise to a strong inference that defendants engaged in negotiations *with California companies* [that gave rise to the dispute], that they probably wrote letters and made phone calls to the *California offices of those companies* in conducting their negotiations, that they quite possibly *traveled to California as part of these negotiations*, and that the license [at issue] may actually have been granted (i.e., the contracts formed) *in California*.

9   *Id.* (emphases added).

10       By Plaintiffs' own account set forth in the Declaration of Ghanshyam Pokal,

11   the only connection between the agreement and the State of California is that

12   *Plaintiffs* resided in California. According to Pokal, Plaintiffs intended to make a

13   "business investment in Canada" (¶ 16) by investing in Defendant J&G Urethanes,

14   a Canadian business purchased with Canadian dollars through a Canadian broker

15   (¶ 19) whose revenue and income were reported to Plaintiffs in Canadian dollars. (¶

16   17) Pokal further asserts that Hardik "instructed my wife and me to wire the

17   $650,000 USD to his new business account created for [Defendant Alberta Limited]

18   in Alberta, Canada" (¶ 22) and Plaintiffs subsequently wired the money to Alberta

19   Limited's "business account in Alberta, Canada." (¶ 23) And he states that he and

20   his wife spoke to Hardik exclusively by telephone and text. (¶¶ 11, 13-14, 16-18)

21   There is no suggestion that any part of the business in which Plaintiffs invested

22   would take place in or be directed at California, or even that Hardik ever traveled to

23   California to complete the agreement. As Hardik states in his declaration submitted

24   in support of his Motion, he didn't even know Plaintiffs resided in California when

25   he discussed the investment with them. (Decl. of Hardik A. Patel, ¶ 4)

26       Plaintiffs thus offer no facts suggesting that the agreement giving rise to this

27   dispute constitutes the sort of California contact that would submit the Patels to

28   personal jurisdiction here. The mere fact of Hardik contracting with Plaintiffs while

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

-5-

Reply in Support of Motion to Vacate Defaults
and Dismiss for Lack of Jurisdiction

1  Plaintiffs were California residents is insufficient to submit all three of the Patels to

2  personal jurisdiction in California.

3  **IV.    CONCLUSION**

4         This is simply not a close call. Even by Plaintiffs' own account of the facts,

5  there is no basis for finding that the Patels have sufficient contacts with California

6  to submit them to personal jurisdiction here, and they have in no way waived their

7  right to make this argument. Plaintiffs do not even address, much less oppose, the

8  Patels' joined Motion to set aside the defaults entered against them. For these

9  reasons and the reasons set forth in the Patels' Motions, the Complaint against them

10  should be dismissed and the defaults entered against them set aside pursuant to

11  Federal Rules of Civil Procedure 12(b)(2) and 55(c).

12

13  Dated: July 17, 2023                          WOLFF MASCARO LLP

14

15                                               By: _____
                                                     Joshua M. Wolff
16                                                   Attorneys for Specially Appearing
                                                     Defendants Ashwin Kumar Patel and
17                                                   Meenaben A. Patel

18

19

20

21

22

23

24

25

26

27

28

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

-6-

Reply in Support of Motion to Vacate Defaults
and Dismiss for Lack of Jurisdiction

**PROOF OF SERVICE**

I am over 18 years of age and not a party to this action. My business address is 9160 Irvine Center Dr., Suite 200, Irvine, California 92618-4683; jwolff@wolffmascaro.com.

On July 17, 2023, I served the foregoing **REPLY IN SUPPORT OF MOTION TO VACATE DEFAULTS AND DISMISS FOR LACK OF JURISDICTION** in the manner below:

| | |
|---|---|
| Frank A. Weiser | Attorneys for Plaintiffs |
| 3460 Wilshire Blvd., Suite 1212 | |
| Los Angeles, CA 90010 | maimons@aol.com |

☐ U.S. MAIL: I deposited the documents with the U.S. Postal Service, postage prepaid, in Irvine, California.

☐ OVERNIGHT CARRIER: I delivered the documents, fare prepaid, to a carrier authorized to receive and transport documents for overnight delivery.

☒ ELECTRONIC TRANSMISSION: I caused the documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which sends notice of electronic filing to the parties.

☐ PERSONAL DELIVERY: I delivered the documents to a courier authorized to transport documents for personal delivery.

I verify this service under penalty of perjury on July 17, 2023, in Irvine, California.

_____
Joshua M. Wolff

Wolff Mascaro LLP
9160 Irvine Center Dr.
Suite 200
Irvine, CA 92618

Proof of Service